IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-1581 (RDA/LRV) |
| ) | |
| WELLS FARGO BANK, NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Wells Fargo Bank, National Association's ("Defendant") Motion to Dismiss (Dkt. 3), Plaintiff Ryan-Tyrone Morris' ("Plaintiff") Motion to Strike Response in Support of Motion (Dkt. 9), Plaintiff's Motion to Strike Motion to Dismiss (Dkt. 10), and Plaintiff's Motion to Nonsuit (Dkt. 20). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motions together with the briefs in support and in Opposition (Dkts. 6; 13; 14) this Court DENIES as MOOT the Motion to Dismiss, DENIES as MOOT the Motions to Strike, and GRANTS the Motion to Nonsuit for the reasons that follow.

I.     FACTUAL BACKGROUND[1]

Plaintiff alleges that, on July 19, 2024, Plaintiff sent Defendant an instrument to discharge a disputed debt in the amount of $179,175.59. Dkt. 1-1 ¶ 5. Plaintiff further alleges that Defendant

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

received the instrument on August 1, 2024, and "agreed to the terms of the account being paid in full through its action of applying the value of the instrument to Plaintiff's account on or about August 6, 2024. *Id.* ¶¶ 8-9. Nevertheless, Plaintiff states that despite cashing the instrument, "Defendant has failed and refused to perform its obligations under the terms stated on the instrument by not acknowledging the discharge of the debt and continuing to demand payment from Plaintiff." *Id.* ¶ 10. Plaintiff contends that the instrument it provided to Defendant constituted a valid and enforceable contract discharging the debt, and that Defendant breached that contract. *Id.* ¶¶ 11-15.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint alleging breach of contract against Defendant in the Circuit Court for the County of Stafford on August 8, 2024. Dkt. 1. Defendant removed the action to this District on September 9, 2024. Dkt. 1. Thereafter, Defendant filed a Motion to Dismiss for Failure to State a Claim on September 16, 2024. Dkt. 3. Plaintiff filed a response in opposition on September 19, 2024. Dkt. 6. Defendant filed its response in support of its motion on September 25, 2024. Dkt. 8. On November 27, 2024, Plaintiff filed a Motion to Strike Defendant's motion to dismiss and a Motion to Strike Defendant's response in support of its motion to dismiss. Dkts. 9; 10. On December 11, 2024, Defendant filed two briefs in opposition to Plaintiff's motions to strike. Dkts. 13; 14. On February 3, 2025, Plaintiff filed a notice purporting to dismiss this action without prejudice. Dkt. 20.

## III.    LEGAL STANDARD

Federal Courts have discretion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to allow voluntary dismissal, unless a party will be unfairly prejudiced. *See* Fed. R. Civ. P. 41(a)(2); *see Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "[A] district court should

grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant . . . A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion . . . . or that it faces the prospect of a subsequent lawsuit[.]" *Bridge Oil, Ltd., v. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (internal citations omitted); *see also Ellet Bros. Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). In evaluating prejudice in this type of motion, the following factors are relevant, though not exclusive: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation. *See Gross v. Spies*, 1998 WL 8006, 133 F.3d 914 (Table) (4th Cir. 1988); *see also Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D. Va. 1998).

## IV.   ANALYSIS

Because Plaintiff's Nonsuit is potentially dispositive, the Court addresses that issue first. Plaintiff asserts: "Pursuant to Va. Code § 8.01-380, Plaintiff Ryan-Tryone: [sic] Morris, hereby nonsuits this action without prejudice." Dkt. 20. Although Plaintiff cites to provision of the Virginia Code, the Court construes his "nonsuit" as seeking voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Debord v. Grasham*, 2014 WL 3734320, at *2 (W.D. Va. July 28, 2014) (construing a motion to nonsuit as a motion for voluntary dismissal under Rule 41); *cf. Dodson v. DHI Mortg. Co., Ltd.*, 2007 WL 4268903, at *2 (E.D. Va. Nov. 30, 2007) (construing a motion to dismiss as a "Motion to Nonsuit under Federal Rule of Civil Procedure 41").

Here, although the parties have engaged in extensive briefing of a myriad of issues, Defendant has neither filed an answer nor filed for summary judgment. Because no discovery has

been taken and no trial date has been set, "it seems that the bulk of efforts and expenses associated with trial preparation have not truly begun in earnest." *Patel v. Jackson Nat'l Life Ins. Co.*, 2016 WL 9211718, at *1 (E.D. Va. June 23, 2016). Thus, it is appropriate for the Court to grant the request to voluntarily dismiss this matter without prejudice.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Nonsuit (Dkt. 20) is GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Dkt. 3), Plaintiff's Motion to Strike Response in Support of Motion (Dkt. 9), Plaintiff's Motion to Strike Motion to Dismiss (Dkt. 10) are DENIED as MOOT; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

IT IS SO ORDERED.

Alexandria, Virginia
February 19, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge